UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HENRY T. LIGGINS,

          Plaintiff,                     Case No. 1:15-cv-28

v.                                                  Honorable Robert Holmes Bell

JOHN D. O'HAIR et al.,

          Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Michigan Reformatory. In his *pro se* complaint, Plaintiff sues Wayne County Prosecutor John O'Hair and former Attorney General Jennifer Granholm. According to the Michigan Department of Corrections Offender Tracking and Information System (OTIS), Plaintiff pleaded guilty in two separate cases to one count of second-degree criminal sexual conduct (CSC II). On March 7, 1997, the Wayne County Circuit Court sentenced Plaintiff to imprisonment of five to fifteen years. Approximately one year later, on May 26, 1998, Petitioner was sentenced in the Chippewa County Circuit Court to imprisonment of seven-and-a-half to fifteen years.

In his complaint, Plaintiff makes the following allegations concerning his 1997 conviction in the Wayne County Circuit Court:

> Because the Defendant John D. O'Hair P18432 prosecutor of the People of the State of Michigan of Frank Murphy Hall of Justice 1441 St. Antoine, Wayne County, Detroit, Michigan 48226, while acting under color of state law willfully deprive[ed] and violated Plaintiff['s] state and federal rights of liberty of Fourteenth Amendment without due process of law because the Defendant John D. O'Hair, P18432, prosecutor of the People of the State of Michigan of Circuit Court of Frank Murphy Hall of Justice 1441 St. Antoine, Wayne County, Detroit, Michigan 48226, while acting under color of state law had never charged Plaintiff Henry T. Liggins with committing the criminal offense of fourth[-]degree criminal sexual conduct sexual contact that is a necessary included criminal offense of second[-]degree criminal sexual conduct sexual contact and Plaintiff was never charged with committing the criminal offense of fourth[-]degree criminal sexual conduct sexual contact of felony-information dated May 2, 1996 of two pages and felony complaint dated May 2, 1996 of two pages and felony warrants dated May 2, 1996 of two pages of 36 District Recorder's Court of Wayne County, Detroit, Michigan 48226 and Circuit Court of Frank Murphy Hall of Justice 1441 St. Antoine, Wayne County, Detroit, Michigan 48226 . . .

(Compl., docket #1, Page ID#7-8.) While Plaintiff's allegations are difficult to decipher, he appears to allege that his conviction in the Wayne County Circuit Court violated his due process rights

because the prosecutor never charged him with fourth-degree CSC, which is a lesser included offense of second-degree CSC. Plaintiff makes nearly identical allegations numerous times throughout the complaint. He also appears to allege that he has completed his maximum sentence and is being held in prison illegally.

For relief, Plaintiff seeks monetary damages, declaratory relief, expungement of his 1997 conviction and release from prison.

## Discussion

Plaintiff's allegations concern his 1997 criminal conviction and the calculation of his sentences. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

---

[1] Petitioner has filed two habeas corpus petitions in this Court challenging his 1998 conviction in the Chippewa County Circuit Court. Both cases were dismissed as time-barred. *See Liggins v. Bergh*, 2:08-cv-225 (W.D. Mich. June 18, 2009); *Liggins v. Bauman*, 2:14-cv-120 (W.D. Mich. December 11, 2014).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   February 13, 2015              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE